IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | Criminal Action No. 16-00074-KD-N |
| RICHARD G. EMGE, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This action is before the Court on the request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)[1] filed by Defendant Richard G. Emge, documents in support,[2] the United States' response in opposition, and Emge's medical records (docs. 30, 30-1, 34, 36, 38). Upon consideration, and for the reasons set forth herein, the motion for compassionate release is **DENIED**.

I. Background

In 2016, Emge pled guilty to possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1) (docs. 20, 21, 22). He was sentenced to a 70-month term of imprisonment with three years of supervised release to follow (doc. 28).

Emge is now 33 years old and currently incarcerated at Federal Medical Center Devens in Ayers, Massachusetts. His projected release date is June 2, 2023. Emge has a history of heart

---

[1] Emge's motion for appointment of counsel is denied. There is no constitutional or statutory right to appointment of counsel for motions filed under 18 U.S.C. § 3582(c). Additionally, the Court finds that Emge has shown the ability to effectively set forth the facts and legal argument necessary to support his motion, and that the issues raised therein are not so complex as to require appointment of counsel. See United States v. Mars, 2022 WL 1124804, at *2 (11th Cir. Apr. 15, 2022) (explaining that "equitable concerns, such as the complexity of the issues involved on appeal, may 'make the appointment of counsel appropriate to ensure a just outcome' in § 3582(c)(2) proceedings.") (quoting United States v. Webb, 565 F.3d 789, 794-95 (11th Cir. 2009)).

[2] The Court received a letter from Emge's informally adopted mother (doc. 34).

disease with valve replacement, atrial fibrillation, asthma, hepatitis C (treatment completed in 2021), and drug addiction (doc. 38).  His medical records indicate that he received a cardiac catheterization at the University of Massachusetts in May 2022. The results showed "no obstructive coronary disease … and therefore, no intervention was required (doc. 38, p. 1).  Emge was advised to "continue with [his] cardiac medication regimen and continue to work on managing [his] cardiac risk factors." (Id.)

II. Compassionate release

Once a sentence is imposed, the "authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); United States v. Jones, 962 F.3d 1290, 1297 (11th Cir. 2020), cert. denied, 141 S. Ct. 2635 (2021) (same).  Specifically, the "court may not modify a term of imprisonment once it has been imposed except" as set out in 18 U.S.C. § 3582(c). See United States v. Pubien, 805 Fed. Appx. 727, 730, (11th Cir. Feb. 25, 2020) (quoting 18 U.S.C. § 3582(c)).

The compassionate release provision is found in 18 U.S.C. § 3582(c)(1)(A)(i). As amended by the First Step Act of 2018, the statute provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)", if the Court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The applicable Policy Statement explains that the Court must also determine that the "defendant is not a danger to the safety of any other person or to the community, as provided in 18

U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13.³  In United States v. Granda, 852 Fed. Appx. 442 (11th Cir. Apr. 5, 2021), the Court of Appeals for the Eleventh Circuit explained that the "court must determine that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), before it can determine whether extraordinary and compelling reasons exist." Id. at 445 (citing U.S.S.G. § 1B1.13; id., comment. (n.1)) (underlining in original). The Eleventh Circuit further explained that "[i]n determining whether an individual is a danger to others, the court can consider: (1) the offenses' nature and circumstances; (2) the weight of the evidence against the person; (3) the person's history and characteristics; (4) the nature and seriousness of the danger to any person of the community that would be posed by the person's release." Id. at 445-446 (citing 18 U.S.C. § 3142(g)).

III. Analysis

After consideration of the relevant factors, the Court finds that Emge is a danger to the safety of other persons and the community.  Emge admitted that the statements in the factual resume were true and correct and constituted the evidence in the case (doc. 22). The factual resume indicates that Emge possessed a short-barrel shotgun that was not registered and did not have a serial number.  Armed with the short-barrel shotgun, Emge entered a convenience store located at 2450 Snow Road in Semmes, Alabama. He was dressed in a camouflage hooded jacket, black pants, brown boots, work gloves and a bandana covering his face. He slammed the shotgun against the counter, demanded the money in the register, and received approximately $30.00. He left the store in a maroon Honda which was spotted on Moffett Road in Semmes.  When Deputies attempted to stop the vehicle, a pursuit began.  Emge threw the loaded shotgun out the window.  His vehicle was ultimately disabled with stop sticks.  He ran from the vehicle but was captured after a foot chase.

---

³ United States v. Bryant, 996 F. 3d 1243, 1262 (11th Cir. 2021) (holding that "1B1.13 is an applicable policy statement that governs all motions under Section 3582(a)(1)(A).")

3

The vehicle had been stolen from West Side Motors. Emge also burglarized that business. A computer system and multiple sets of car keys were recovered from the stolen vehicle. Also, ammunition and the clothing Emge wore at the time of the convenience store robbery were found in the vehicle and the money was found in his pocket.

Prior to this offense, Emge was convicted of two instances of theft of property and receiving stolen property. The Court finds that Emge is a danger to others and to the community. He does not meet this threshold requirement for further consideration.[4] Accordingly, his motion for compassionate release is DENIED.

**DONE** and **ORDERED** this 26th day of July 2022.

**s / Kristi K. DuBose**
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[4] Even if the Court had not determined that Enge is a danger, the relevant factors in 18 U.S.C. § 3553(a), primarily the nature and circumstances of his offense, his history and characteristics, and the need for the sentence imposed to promote respect for the law and to protect the public, weigh against his early release. 18 U.S.C. § 3553(a)(1) & 2(C).